

U.S. Department of Justice

Matthew M. Graves
United States Attorney

*District of Columbia*

*Patrick Henry Building*
*601 D St., N.W.*
*Washington, D.C. 20530*

September 6, 2023

Edward J. Ungvarsky
Ungvarsky Law, PLLC
421 King Street, Suite 505
Alexandria, VA 22314

        Re:    United States v. James Ray Epps, Sr.
                  U.S. Attorney's Office Case No. 2023R0pend

Dear Mr. Ungvarsky:

    This letter sets forth the full and complete plea offer to your client, James Ray Epps, Sr. (hereinafter referred to as "your client" or "defendant"), from the Office of the United States Attorney for the District of Columbia (hereinafter also referred to as "the Government" or "this Office"). This plea offer expires on **September 15, 2023**. If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below. Upon receipt of the executed document, this letter will become the Plea Agreement (hereinafter referred to as "this Agreement"). The terms of the offer are as follows:

    1.    **Charges and Statutory Penalties**

    Your client agrees to plead guilty to a criminal Information, a copy of which is attached, charging your client with Disorderly or Disruptive Conduct in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(2).

    Your client understands that a violation of 18 U.S.C. § 1752(a)(2) carries a maximum sentence of one (1) year of imprisonment; a fine of $100,000, pursuant to 18 U.S.C. § 3571(b)(5); a term of supervised release of not more than 1 year, pursuant to 18 U.S.C. § 3583(b)(3); and an obligation to pay any applicable interest or penalties on fines and restitution not timely made.

    In addition, pursuant to 18 U.S.C. § 3013(a)(1)(A)(iii), your client agrees to pay a special assessment of $25 per class A misdmeanor conviction to the Clerk of the United States District Court for the District of Columbia. Your client also understands that, pursuant to 18 U.S.C. § 3572 and § 5E1.2 of the United States Sentencing Commission, *Guidelines Manual* (2021)

(hereinafter "Sentencing Guidelines," "Guidelines," or "U.S.S.G."), the Court may also impose a fine that is sufficient to pay the federal government the costs of any imprisonment, term of supervised release, and period of probation.

2. **Cooperation with Additional Investigation**

Your client agrees to allow law enforcement agents to review any social media accounts operated by your client for statements and postings in and around January 6, 2021, prior to sentencing.

3. **Factual Stipulations**

Your client agrees that the attached "Statement of Offense" fairly and accurately describes your client's actions and involvement in the offense to which your client is pleading guilty. Please have your client sign and return the Statement of Offense as a written proffer of evidence, along with this Agreement.

4. **Additional Charges**

In consideration of your client's guilty plea to the above offense, your client will not be further prosecuted criminally by this Office for the conduct set forth in the attached Statement of Offense.

After the entry of your client's plea of guilty to the offense identified in section #1, your client will not be charged with any non-violent criminal offense in violation of Federal or District of Columbia law which was committed within the District of Columbia by your client prior to the execution of this Agreement and about which this Office was made aware by your client prior to the execution of this Agreement. However, the United States expressly reserves its right to prosecute your client for any crime of violence, as defined in 18 U.S.C. § 16 and/or 22 D.C. Code § 4501, if in fact your client committed or commits such a crime of violence prior to or after the execution of this Agreement.

5. **Sentencing Guidelines Analysis**

Your client understands that the sentence in this case will be determined by the Court, pursuant to the factors set forth in 18 U.S.C. § 3553(a), including a consideration of the Sentencing Guidelines. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), and to assist the Court in determining the appropriate sentence, the parties agree to the following:

A. **Estimated Offense Level Under the Guidelines**

The parties agree that the following Sentencing Guidelines sections apply:

| | | |
|---|---|---|
| U.S.S.G. § 2A2.4(a) | Base Offense Level | 10 |
| | Total: | 10 |

Acceptance of Responsibility

The Government agrees that a 2-level reduction will be appropriate, pursuant to U.S.S.G. § 3E1.1(a), provided that your client clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through your client's allocution, adherence to every provision of this Agreement, and conduct between entry of the plea and imposition of sentence.

Nothing in this Agreement limits the right of the Government to seek denial of the adjustment for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1, and/or imposition of an adjustment for obstruction of justice, pursuant to U.S.S.G. § 3C1.1, regardless of any agreement set forth above, should your client move to withdraw your client's guilty plea after it is entered, or should it be determined by the Government that your client has either (a) engaged in conduct, unknown to the Government at the time of the signing of this Agreement, that constitutes obstruction of justice, or (b) engaged in additional criminal conduct after signing this Agreement.

In accordance with the above, the Estimated Offense Level will be at least 8.

### B. Estimated Criminal History Category

Based upon the information now available to this Office (including representations by the defense), your client has no criminal convictions.

Accordingly, your client is estimated to have 0 criminal history points and your client's Criminal History Category is estimated to be I (the "Estimated Criminal History Category"). Your client acknowledges that after the pre-sentence investigation by the United States Probation Office, a different conclusion regarding your client's criminal convictions and/or criminal history points may be reached and your client's criminal history points may increase or decrease.

### C. Estimated Guidelines Range

Based upon the Estimated Offense Level and the Estimated Criminal History Category set forth above, your client's estimated Sentencing Guidelines range is 0 months to 6 months (the "Estimated Guidelines Range"). In addition, the parties agree that, pursuant to U.S.S.G. § 5E1.2, should the Court impose a fine, at Guidelines level 8, the estimated applicable fine range is $2,000 to $20,000. Your client reserves the right to ask the Court not to impose any applicable fine.

The parties agree that, solely for the purposes of calculating the applicable range under the Sentencing Guidelines, neither a downward nor upward departure from the Estimated Guidelines Range set forth above is warranted. Except as provided for in the "Reservation of Allocution" section below, the parties also agree that neither party will seek any offense-level calculation different from the Estimated Offense Level calculated above in subsection A. However, the parties are free to argue for a Criminal History Category different from that estimated above in subsection B.

Your client understands and acknowledges that the Estimated Guidelines Range calculated above is not binding on the Probation Office or the Court. Should the Court or Probation Office determine that a guidelines range different from the Estimated Guidelines Range is applicable, that will not be a basis for withdrawal or recission of this Agreement by either party.

Your client understands and acknowledges that the terms of this section apply only to conduct that occurred before the execution of this Agreement. Should your client commit any conduct after the execution of this Agreement that would form the basis for an increase in your client's base offense level or justify an upward departure (examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the probation officer, or the Court), the Government is free under this Agreement to seek an increase in the base offense level based on that post-agreement conduct.

6. **Agreement as to Sentencing Allocution**

The parties further agree that a sentence within the Estimated Guidelines Range would constitute a reasonable sentence in light of all of the factors set forth in 18 U.S.C. § 3553(a), should such a sentence be subject to appellate review notwithstanding the appeal waiver provided below. However, the parties agree that either party may seek a variance and suggest that the Court consider a sentence outside of the applicable Guidelines Range, based upon the factors to be considered in imposing a sentence pursuant to 18 U.S.C. § 3553(a).

7. **Reservation of Allocution**

The Government and your client reserve the right to describe fully, both orally and in writing, to the sentencing judge, the nature and seriousness of your client's misconduct, including any misconduct not described in the charges to which your client is pleading guilty, to inform the presentence report writer and the Court of any relevant facts, to dispute any factual inaccuracies in the presentence report, and to contest any matters not provided for in this Agreement. The parties also reserve the right to address the correctness of any Sentencing Guidelines calculations determined by the presentence report writer or the court, even if those calculations differ from the Estimated Guidelines Range calculated herein. In the event that the Court or the presentence report writer considers any Sentencing Guidelines adjustments, departures, or calculations different from those agreed to and/or estimated in this Agreement, or contemplates a sentence outside the Guidelines range based upon the general sentencing factors listed in 18 U.S.C. § 3553(a), the parties reserve the right to answer any related inquiries from the Court or the presentence report writer and to allocute for a sentence within the Guidelines range, as ultimately determined by the Court, even if the Guidelines range ultimately determined by the Court is different from the Estimated Guidelines Range calculated herein.

In addition, if in this Agreement the parties have agreed to recommend or refrain from recommending to the Court a particular resolution of any sentencing issue, the parties reserve the right to full allocution in any post-sentence litigation. The parties retain the full right of

allocution in connection with any post-sentence motion which may be filed in this matter and/or any proceeding(s) before the Bureau of Prisons.  In addition, your client acknowledges that the Government is not obligated and does not intend to file any post-sentence downward departure motion in this case pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.

        8.    **<u>Court Not Bound by this Agreement or the Sentencing Guidelines</u>**

Your client understands that the sentence in this case will be imposed in accordance with 18 U.S.C. § 3553(a), upon consideration of the Sentencing Guidelines.  Your client further understands that the sentence to be imposed is a matter solely within the discretion of the Court.  Your client acknowledges that the Court is not obligated to follow any recommendation of the Government at the time of sentencing.  Your client understands that neither the Government's recommendation nor the Sentencing Guidelines are binding on the Court.

Your client acknowledges that your client's entry of a guilty plea to the charged offense(s) authorizes the Court to impose any sentence, up to and including the statutory maximum sentence, which may be greater than the applicable Guidelines range.  The Government cannot, and does not, make any promise or representation as to what sentence your client will receive.  Moreover, it is understood that your client will have no right to withdraw your client's plea of guilty should the Court impose a sentence that is outside the Guidelines range or if the Court does not follow the Government's sentencing recommendation.  The Government and your client will be bound by this Agreement, regardless of the sentence imposed by the Court.  Any effort by your client to withdraw the guilty plea because of the length of the sentence shall constitute a breach of this Agreement.

        9.    **<u>Conditions of Release</u>**

Your client acknowledges that, although the Government will not seek a change in your client's release conditions pending sentencing, the final decision regarding your client's bond status or detention will be made by the Court at the time of your client's plea of guilty.  The Government may move to change your client's conditions of release, including requesting that your client be detained pending sentencing, if your client engages in further criminal conduct prior to sentencing or if the Government obtains information that it did not possess at the time of your client's plea of guilty and that is relevant to whether your client is likely to flee or pose a danger to any person or the community.  Your client also agrees that any violation of your client's release conditions or any misconduct by your client may result in the Government filing an <u>ex</u> <u>parte</u> motion with the Court requesting that a bench warrant be issued for your client's arrest and that your client be detained without bond while pending sentencing in your client's case.

10. **Waivers**

   A. **Venue**

Your client waives any challenge to venue in the District of Columbia.

   B. **Statute of Limitations**

Your client agrees that, should the conviction following your client's plea of guilty pursuant to this Agreement be vacated for any reason, any prosecution, based on the conduct set forth in the attached Statement of Offense, that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement (including any counts that the Government has agreed not to prosecute or to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against your client, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution.  It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution of conduct set forth in the attached Statement of Offense that is not time-barred on the date that this Agreement is signed.

   C. **Trial Rights**

Your client understands that by pleading guilty in this case your client agrees to waive certain rights afforded by the Constitution of the United States and/or by statute or rule.  Your client agrees to forego the right to any further discovery or disclosures of information not already provided at the time of the entry of your client's guilty plea.  Your client also agrees to waive, among other rights, the right to be indicted by a Grand Jury, the right to plead not guilty, and the right to a jury trial.  If there were a jury trial, your client would have the right to be represented by counsel, to confront and cross-examine witnesses against your client, to challenge the admissibility of evidence offered against your client, to compel witnesses to appear for the purpose of testifying and presenting other evidence on your client's behalf, and to choose whether to testify.  If there were a jury trial and your client chose not to testify at that trial, your client would have the right to have the jury instructed that your client's failure to testify could not be held against your client.  Your client would further have the right to have the jury instructed that your client is presumed innocent until proven guilty, and that the burden would be on the United States to prove your client's guilt beyond a reasonable doubt.   If your client were found guilty after a trial, your client would have the right to appeal your client's conviction.  Your client understands that the Fifth Amendment to the Constitution of the United States protects your client from the use of self-incriminating statements in a criminal prosecution.  By entering a plea of guilty, your client knowingly and voluntarily waives or gives up your client's right against self-incrimination.

Your client acknowledges discussing with you Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence, which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn.  Your client knowingly and voluntarily waives the

rights that arise under these rules in the event your client withdraws your client's guilty plea or withdraws from this Agreement after signing it.

Your client also agrees to waive all constitutional and statutory rights to a speedy sentence and agrees that the plea of guilty pursuant to this Agreement will be entered at a time decided upon by the parties with the concurrence of the Court. Your client understands that the date for sentencing will be set by the Court.

### D.     Appeal Rights

Your client agrees to waive, insofar as such waiver is permitted by law, the right to appeal the conviction in this case on any basis, including but not limited to claim(s) that (1) the statute(s) to which your client is pleading guilty is unconstitutional, and (2) the admitted conduct does not fall within the scope of the statute(s). Your client understands that federal law, specifically 18 U.S.C. § 3742, affords defendants the right to appeal their sentences in certain circumstances. Your client also agrees to waive the right to appeal the sentence in this case, including but not limited to any term of imprisonment, fine, forfeiture, award of restitution, term or condition of supervised release, authority of the Court to set conditions of release, and the manner in which the sentence was determined, except to the extent the Court sentences your client above the statutory maximum or guidelines range determined by the Court. In agreeing to this waiver, your client is aware that your client's sentence has yet to be determined by the Court. Realizing the uncertainty in estimating what sentence the Court ultimately will impose, your client knowingly and willingly waives your client's right to appeal the sentence, to the extent noted above, in exchange for the concessions made by the Government in this Agreement. Notwithstanding the above agreement to waive the right to appeal the conviction and sentence, your client retains the right to appeal on the basis of ineffective assistance of counsel, but not to raise on appeal other issues regarding the conviction or sentence.

### E.     Collateral Attack

Your client also waives any right to challenge the conviction entered or sentence imposed under this Agreement or otherwise attempt to modify or change the sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255 or Federal Rule of Civil Procedure 60(b), except to the extent such a motion is based on newly discovered evidence or on a claim that your client received ineffective assistance of counsel. Your client reserves the right to file a motion brought under 18 U.S.C. § 3582(c)(2).

### F.     Hearings by Video Teleconference and/or Teleconference

Your client consents, under Federal Rule of Criminal Procedure 43(b)(2) and otherwise, to hold any proceedings in this matter – specifically including but not limited to presentment, initial appearance, plea hearing, and sentencing – by video teleconference and/or by teleconference and to waive any rights to demand an in-person/in-Court hearing. Your client further agrees to not challenge or contest any findings by the Court that it may properly proceed by video teleconferencing and/or telephone conferencing in this case.

11. **Use of Self-Incriminating Information**

The Government and your client agree, in accordance with U.S.S.G. § 1B1.8, that the Government will be free to use against your client for any purpose at the sentencing in this case or in any related criminal or civil proceedings, any self-incriminating information provided by your client pursuant to this Agreement or during the course of debriefings conducted in anticipation of this Agreement, regardless of whether those debriefings were previously covered by an "off the record" agreement by the parties.

12. **Restitution**

Your client acknowledges that the riot that occurred on January 6, 2021, caused as of July 7, 2023, approximately $2,923,080.05 in damage to the United States Capitol, as well as additional losses to the Metropolitan Police Department.   Your client agrees as part of the plea in this matter to pay restitution to the Architect of the Capitol in the amount of $500.

Payments of restitution shall be made to the Clerk of the Court.  In order to facilitate the collection of financial obligations to be imposed in connection with this prosecution, your client agrees to disclose fully all assets in which your client has any interest or over which your client exercises control, directly or indirectly, including those held by a spouse, nominee or other third party.  Your client agrees to submit a completed financial statement on a standard financial disclosure form which has been provided to you with this Agreement to the Financial Litigation Unit of the United States Attorney's Office, as it directs.  If you do not receive the disclosure form, your client agrees to request one from usadc.ecfflu@usa.doj.gov.   Your client will complete and electronically provide the standard financial disclosure form to usadc.ecfflu@usa.doj.gov 30 days prior to your client's sentencing.  Your client agrees to be contacted by the Financial Litigation Unit of the United States Attorney's Office, through defense counsel, to complete a financial statement.  Upon review, if there are any follow-up questions, your client agrees to cooperate with the Financial Litigation Unit.  Your client promises that the financial statement and disclosures will be complete, accurate and truthful, and understands that any willful falsehood on the financial statement could be prosecuted as a separate crime punishable under 18 U.S.C. § 1001, which carries an additional five years' incarceration and a fine.

Your client expressly authorizes the United States Attorney's Office to obtain a credit report on your client in order to evaluate your client's ability to satisfy any financial obligations imposed by the Court or agreed to herein.

Your client understands and agrees that the restitution or fines imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States.  If the Court imposes a schedule of payments, your client understands that the schedule of payments is merely a minimum schedule of payments and will not be the only method, nor a limitation on the methods, available to the United States to enforce the criminal judgment, including without limitation by administrative offset.  If your client is sentenced to a term of imprisonment by the

Court, your client agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically imposes a schedule of payments.

Your client certifies that your client has made no transfer of assets in contemplation of this prosecution for the purpose of evading or defeating financial obligations that are created by this Agreement and/or that may be imposed by the Court. In addition, your client promises to make no such transfers in the future until your client has fulfilled the financial obligations under this Agreement.

13. **Breach of Agreement**

Your client understands and agrees that, if after entering this Agreement, your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this Agreement, or engages in any criminal activity prior to sentencing, your client will have breached this Agreement. In the event of such a breach: (a) the Government will be free from its obligations under this Agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client will be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the Government will be free to use against your client, directly and indirectly, in any criminal or civil proceeding, all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this Agreement or during the course of any debriefings conducted in anticipation of, or after entry of, this Agreement, whether or not the debriefings were previously characterized as "off-the-record" debriefings, and including your client's statements made during proceedings before the Court pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

Your client understands and agrees that the Government shall be required to prove a breach of this Agreement only by a preponderance of the evidence, except where such breach is based on a violation of federal, state, or local criminal law, which the Government need prove only by probable cause in order to establish a breach of this Agreement.

Nothing in this Agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this Agreement or committed by your client after the execution of this Agreement. Your client understands and agrees that the Government reserves the right to prosecute your client for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this Agreement shall constitute a breach of this Agreement. In the event of such a breach, your client will not be allowed to withdraw your client's guilty plea.

14. **Complete Agreement**

No agreements, promises, understandings, or representations have been made by the parties or their counsel other than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing

and signed by your client, defense counsel, and an Assistant United States Attorney for the District of Columbia.

Your client further understands that this Agreement is binding only upon the Criminal and Superior Court Divisions of the United States Attorney's Office for the District of Columbia. This Agreement does not bind the Civil Division of this Office or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against your client.

If the foregoing terms and conditions are satisfactory, your client may so indicate by signing this Agreement and the Statement of Offense, and returning both to me no later than **September 15, 2023**.

Sincerely yours,

*Matthew M. Graves /GPR*
_____
Matthew M. Graves
United States Attorney

By: *Michael Gordon*
_____
Michael M. Gordon
Assistant United States Attorney

## DEFENDANT'S ACCEPTANCE

I have read every page of this Agreement and have discussed it with my attorney, Edward J. Ungvarsky. I fully understand this Agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Agreement fully. I am pleading guilty because I am in fact guilty of the offense(s) identified in this Agreement.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Agreement. I am satisfied with the legal services provided by my attorney in connection with this Agreement and matters related to it.

Date:_____  _____
James Ray Epps, Sr.
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read every page of this Agreement, reviewed this Agreement with my client, James Ray Epps, and fully discussed the provisions of this Agreement with my client. These pages accurately and completely set forth the entire Agreement. I concur in my client's desire to plead guilty as set forth in this Agreement.

Date: _____  _____
Edward J. Ungvarsky
Attorney for Defendant